DUNBAR et al. v. HANSEN et al.

No. 4400.   Decided November 5, 1926.   (250 P. 982.)

*Young, Boyle & Moyle* and *James M. Christensen,* all of Salt Lake City, for appellant.

*E. M. Hansen,* pro se.

GIDEON, C. J.

This case was originally instituted in the city court of Salt Lake City. The complaint stated an action in unlawful detainer and sought to recover a judgment for the restitution of the premises described therein and for the amount of rent due. Elizabeth H. Dunbar and Ashton-Jenkins Company, a corporation, are plaintiffs, and E. M. Hansen and A. E. Chisholm are defendants. It is alleged in the complaint that Mrs. Dunbar is the owner of the property and that the coplaintiff, Ashton-Jenkins Company, was her agent for the soliciting of a lease for the premises.

Defendants filed an answer and counterclaim. Occupancy of the premises was admitted. Service of notice to pay rent due or vacate the premises was also admitted. Other allegations were denied. In a further defense by way of counterclaim, it is alleged that the defendants entered into a verbal agreement with Ashton-Jenkins Company, whereby the said company agreed with the defendants that, if the defendants would repair and remodel the building situate on the property, it would execute and deliver to the defendants a written lease on said premises for a term of five years, from and after June 1, 1924, for a monthly rental of $120, payable monthly, in advance; that the plaintiffs Ashton-Jenkins Company and the owner of the property, Mrs. Dunbar, refused to enter into a lease contract

with the defendants, as agreed by Ashton-Jenkins Company. It is also alleged in the counterclaim that the defendants made certain repairs on the building and expended several hundred dollars in buying materials and for labor. The prayer of the counterclaim is that the plaintiffs take nothing by reason of their complaint, except the sum of $360 rent, admitted to be due; that the plaintiffs be required by order of the court to execute and deliver a lease for the term of five years to the defendants, or, in the event that the plaintiffs refuse to execute the lease for such term, at a rental of $120 per month, then that judgment be entered against plaintiffs and each of them in favor of defendants for the sum of $785.97. No tender of the rent conceded to be due was made by or on behalf of the defendants.

The case was tried in the city court and judgment entered in favor of plaintiffs for a restitution of the premises and for the amount of rent found due. So far as the record discloses, no order was made in that court respecting the counterclaim. An appeal was taken by defendants to the district court. Defendants did not file a supersedeas bond, but did file a cost bond. Plaintiffs obtained a writ of restitution and placed the same in the hands of the sheriff for execution. Thereupon it appears that defendant Chisholm paid plaintiff Dunbar the amount of the judgment and costs found against both defendants by the judgment in the city court. Plaintiff Dunbar, at that date, gave to Chisholm a written lease on the premises for a period of three years. That was the status of affairs at the time the case was called for hearing in the district court. At the close of the trial in the district court, an order was made dismissing the counterclaim against plaintiff Ashton-Jenkins Company. The court made findings of fact and entered its judgment against the plaintiff Elizabeth H. Dunbar in the alternative requiring her to execute a lease to the defendants, or, in failure so to do that judgment be entered against her for the sum of $785.97. From that judgment Mrs. Dunbar appeals.

Notice of appeal was served upon defendant Chisholm, but he has not appeared in this court, either personally or by counsel, and no argument has been made in his behalf. Respondent Hansen appeared in his own behalf and has submitted a short written argument in support of the judgment of the district court.

Judgment was entered in the district court on November 4, 1925. Notice of judgment was served upon appellants on November 30, 1925. Notice of appeal was given December 4, 1925. The jurisdiction of this court to consider this appeal is questioned by reason of the fact that the appeal was not taken within ten days after the rendition of judgment.

Chapter 64, §§ 7313 to 7327, inclusive, Comp. Laws Utah 1917, defines forcible entry and unlawful detainer and provides the procedure in forcible entry and unlawful detainer actions. In section 7326 it is provided that either party may appeal within ten days from the rendition of judgment. The appeal in this case was not taken within ten days after judgment was rendered. The question suggested is: Is the appeal in this action controlled by said section 7326? The judgment in the city court was for the restitution of the property and for the rent due. That judgment was satisfied by one of the defendants. At the opening of the trial in the district court, counsel for plaintiffs stated that they did not desire to introduce any proof in support of their complaint, that the judgment of the city court was satisfied and the property restored, and a lease had been given to one of the defendants. Counsel likewise objected to the introduction of any testimony on the part of the defense in support of the counterclaim. It is evident from the court's findings that it did not treat the case then on trial before it as an action for the restitution of property. Among the court's findings is the following:

"This cause came on regularly to be heard * * * and, the plaintiffs having stated in open court that they did not desire to offer any testimony in support of their complaint, the court proceeded to hear the cause upon the counterclaim of the defendants."

At the close of the testimony, plaintiffs' counsel moved for a dismissal of defendants' counterclaim. In the court's judgment is found this language:

"And counsel for plaintiffs having stated in open court that they did not desire to offer testimony upon their complaint, the court proceeded to the trial upon the counterclaim of the defendants."

It is thus apparent that the district court was not trying the right of possession of plaintiffs to the premises, but was trying and determining the right of defendants to recover an affirmative judgment against plaintiffs, based upon the allegations of the counterclaim. The judgment was in the alternative, that plaintiffs execute a lease to defendants, or, upon failure, that judgment be entered in a specific amount against the appellant Dunbar, in favor of the defendants. Section 7324 of chapter 64, supra, provides the nature or kind of judgment that a court is authorized to enter in forcible entry or unlawful detainer actions. Section 7326, supra, in limiting an appeal to ten days after judgment, relates to a judgment of the nature authorized by section 7324, and does not control or relate to a judgment of the nature or kind entered by the court in this proceeding. We are of opinion that the right of appeal in this case is controlled by the other provisions of the statute giving either party six months in which to appeal, and not by the provisions of section 7326, supra.

As pointed out, the original action instituted by appellants Dunbar and Ashton-Jenkins Company, as plaintiffs, was one in unlawful detainer. We are therefore met at the threshold of the consideration of the merits of this appeal with the query, Could the defendants, in a statutory unlawful detainer proceeding, aver facts as a defense that in other cases would constitute a counterclaim or offset against the plaintiffs; or could the court, under the statute, entertain or permit a defense in the nature of a counterclaim or set-off against a complaint in unlawful detainer?

Section 6576, Comp. Laws Utah 1917, defining a counterclaim, is identical with section 438 of the california Code of Civil Procedure. In fact, this section of our Code was taken from the California Code. The California courts have had occasion to consider the identical question presented here in several cases. In the course of the opinion in *Arnold v. Krigbaum,* 169 Cal. 143, 146 P. 423, Ann. Cas. 1916 D, 370, the court says:

"It appears to be thoroughly established, both in this state and in other jurisdictions having substantially similar statutes to our unlawful detainer statutes, that neither a counterclaim nor cross-complaint of any kind is permissible in an action in unlawful detainer. This question was discussed by the District Court of Appeal of the First District, in the recent case of *Knight* v. *Black,* 19 Cal. App. 518 [126 Pac. 512], where many authorities are cited. There is no distinction in the authorities between cases where the subject-matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the action is brought, and other cases."

Further on in the same opinion, the court says:

"The statute has provided a special action for the recovery of possession by the landlord, because it was deemed that a more expeditious proceeding and more complete relief than was afforded by an ordinary action for possession was desirable. In order to provide for the collection of the rent in the same action, it provides that a court shall give judgment for the rent found due, which means the rent which accrued before the forfeiture. This, however, is a mere incident to the main object—the recovery of possession. It does not transform the action into an action on contract. The defendant may, if he can, show that there was no forfeiture, because there was no breach of the covenants of the lease on which to found such forfeiture. If, by reason of dealings between them prior to the alleged forfeiture, the rent was paid or discharged at that time, he may show that fact, and in that way questions of contractual relations may properly arise in such an action. But this is not to be allowed to extend to a right of set-off; it can only go to the question whether or not, when the notice to quit was given, the rent claimed therein was due, that is, the question whether or not, by some agreement, express or implied, between them, the claims due to the tenant from the landlord were to be applied on the rent."

The Supreme Court of Minnesota, in *Petterson v. Kreuger,* 67 Minn. 451, 70 N. W. at page 568, in discussing à question similar to the one here under review, says:

"That this is the only permissible view to be taken of the statute is made plain by an inquiry as to what would have been the form of the verdict [see form prescribed, Gen. St. 1894, § 6127] if the jury had assessed the defendant's damages at any sum less than the amount admittedly due as rent when the action was instituted. Would the finding have been 'Guilty,' or 'Not guilty?' What would have been the conclusion of the jury as to plaintiff's right to have restitution, under such circumstances? Would restitution have been awarded, or would the finding have been that defendant could not be evicted? These questions suggest what complications might arise if the ruling made by the court below should be upheld."

The annotator's note to *Arnold v. Krigbaum* in Ann. Cas. 1916D, 372, is as follows:

"It may be stated, as a general rule, that a set-off or counterclaim cannot be interposed in an action by a landlord to recover the demised premises from the tenant."

In support of the note, the annotator cites cases from Alabama, California, Connecticut, Georgia, Idaho, Illinois, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Washington, and from Canada. We have found no case, under a statute like ours, holding a different rule than that stated in the foregoing authorities. We are therefore of the opinion, and so hold, that the action of the district court in attempting to adjudicate whatever rights defendants may have, if any, against the plaintiffs, or either of them, by reason of the facts set forth in the counterclaim, was nugatory and of no avail; that the statute does not authorize any such defense or any affirmative relief against the plaintiffs in an unlawful detainer action. It was error on the part of the court to attempt to adjudicate the rights of the defendants against plaintiffs, if any they had, growing out of the facts alleged in the counterclaim in this action, and in overruling the objections

of plaintiffs to entertaining any testimony in support of the allegations of the counterclaim.

If the defendants, or either of them, made repairs upon the building and were authorized to make such repairs by any statements or representations of the agent of plaintiff Dunbar, without authority from the owner to make such representations or statements, then, under well-recognized principles of law, the agent is liable. On the other hand, if the agent had authority from the owner of the premises to have the repairs made or to authorize them to be made, in that event, the principle is liable. We are only determining here that, whatever rights defendants have or may have, if any, to recover for repairs made upon the building or to have specific performance of the alleged agreement to rent the premises, such rights cannot be interposed as a defense in this action.

The remedy or procedure available to a defendant in an unlawful detainer action, for the protection and enforcement of any equity or right he may have in the premises, is pointed out by this court in *Williams v. Nelson*, 65 Utah, 304, 237 P. 217. In the course of the opinion in that case, it is said:

> "In 16 R. C. L. 1186, § 708, it is clearly pointed out that, in unlawful detainer proceedings, the tenant can only avail himself of the defenses that the relationship of landlord and tenant does not exist by reason of the invalidity of the lease under which the landlord claims, or that there is no lease or contract to pay rent of any kind, or that no rent is past due."

It is then pointed out that, in some jurisdictions, whenever it becomes necessary for a tenant to show that there is an equitable reason why he should not pay rent or be ousted from the premises, the tenant may enjoin the summary proceeding by an action in a court of general jurisdiction to determine the equities and hold the summary proceeding in suspense until such action is determined. The court then further says:

"As a matter of course, in this jurisdiction the tenant may, at any time, institute an action in a court of equity to determine his rights to the premises in question."

It does not appear in the record upon what theory Ashton-Jenkins Company was made a party plaintiff in the present action. That company, in our judgment, was neither a necessary nor a proper party plaintiff. The action is one for unlawful detainer. It is alleged that Mrs. Dunbar is the owner of the property and is entitled to possession. It is true that it is alleged that Ashton-Jenkins Company was the agent for the purpose of soliciting a lessee, but that fact does not make the company either a necessary or a proper party plaintiff. Neither does it appear from the record upon what theory the district dismissed the counterclaim against Ashton-Jenkins Company and refused to dismiss it against plaintiff Dunbar.

It stands undisputed in this record that the defendant Hanson did make some repairs upon the building located on the premises sought to be leased. It appears that he has not received payment for the repairs so made. It likewise appears, without conflict, that he made such repairs subsequent to the date he first had negotiations with a representative of Ashton-Jenkins Company, looking to the lease of these premises. It further appears from a telegram of a son of appellant Dunbar, under date of May 27, 1924, that his mother knew of the repairs that were being made upon the premises, and, also, by a telegram of date August 15, 1924, that she knew such repairs had been made. The fact that Mrs. Dunbar was aware that valuable improvements had been made upon her premises is further evidenced by the testimony of Mr. Moyle, one of her attorneys, that Mrs. Dunbar exacted a promise from Mr. Chisholm, at the date she executed a lease to him, that he would pay Mr. Hanson the amount due for the repairs so made. This conversation took place in the office of Mr. Moyle, at the date of the execution of the lease to Chisholm. The fact that Mrs.

Dunbar exacted such a promise from Mr. Chisholm is clear, if not conclusive, evidence that she recognized that respondent Hanson was, at least, morally entitled to be paid for the repairs made by him upon the premises.

The appellants have a 69 page printed brief. We cannot conceive that that much printed matter was necessary or justified in presenting the issues on this appeal. Costs will be allowed to appellants, but the cost for printing brief will be limited to 20 pages.

The judgment of the district court is reversed and the cause is remanded, with directions that the court dismiss the counterclaim.

THURMAN, CHERRY, and STRAUP, JJ., concur.

FRICK, J., concurs in the result.