### GRYLLS *v.* HERGITON.

VENDOR AND PURCHASER—CIRCUIT COURT COMMISSIONERS—SUMMARY PROCEEDING—EQUITABLE DEFENSE.

Default of vendor in payments on mortgage and paving tax is not such an equitable defense as is available to vendee in summary proceedings before circuit court commissioner to recover possession under executory land contract where vendee has not attempted to rescind the contract or obtain other equitable relief, has proceeded in accordance with terms of the contract and paid mortgage interest up until after vendee became in default and there is no showing that vendor has parted with title to the property or contract.

Appeal from Wayne; Spier (James E.), J., presiding. Submitted May 25, 1934. (Docket No. 170, Calendar No. 37,609.) Decided June 21, 1934.

Summary proceedings before circuit court commissioner by Mary Grylls against Alice Hergiton to obtain possession of premises sold under a land contract. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*R. Gerveys Grylls,* for plaintiff.

*Robert E. Plunkett,* for defendant.

BUTZEL, J. Mary Grylls, vendor under an executory land contract, served notice of forfeiture upon Alice Hergiton, vendee, and instituted summary proceedings against her before a circuit court commissioner to recover possession of the premises. The commissioner rendered a judgment of restitution in favor of plaintiff. On appeal to the circuit court, the trial judge held that plaintiff was entitled to possession of the premises, and found that payments aggregating $375 were past due. However, he stated that the judgment was without prejudice to any rights the parties might have in equity. Defendant has appealed from the judgment of restitution.

The contract was entered into on August 2, 1927, for the purchase of property in the city of Detroit. It recited a down payment of $7,000 and provided for the payment by defendant of an additional sum of $8,000, with interest, in instalments of not less than $75 per month. Defendant was given the right to possession of the property while not in default. Plaintiff, the vendor, was permitted to place a mortgage upon the property at any time for an amount not in excess of 50 per cent. of the purchase price of the property, and not exceeding the balance still due on the land contract at the time of the mortgage. Such mortgage was to take priority over the rights

of the vendee. In the event of the vendor's default on the mortgage payments, the vendee had the right to make the payments and credit them upon the purchase price. On August 30, 1927, plaintiff executed a mortgage on the premises to the Guardian National Bank of Commerce to secure the payment of $5,000, payable three years after date. Plaintiff also borrowed other sums from the bank, using the land contract as collateral, and at plaintiff's direction, defendant made her contract payments to the bank, which applied them on plaintiff's other indebtedness. The mortgage fell due on August 13, 1930, and remained unpaid. However, plaintiff continued to make her interest payments thereon, and there is no showing that the bank ever threatened to foreclose. A dispute arose between the parties in regard to a paving tax which, according to a preliminary agreement preceding the land contract, defendant was not bound to pay. The contract itself provided that the defendant should pay all taxes, but plaintiff, in a letter written at a later date, assured defendant that she would assume the obligation. However, the tax was never paid. Defendant, vendee, continued to make her payments of $75 a month regularly on the land contract until August 6, 1931, after which date she refused to make any further payments. The balance due on the contract had then been reduced to $6,106.56.

On February 11, 1932, plaintiff brought suit against defendant in the common pleas court to recover the unpaid instalments on the land contract which had accrued since August, 1931; defendant pleaded the general issue. Some question arose in regard to the nonpayment of the paving tax, and in rendering judgment against defendant for $457, the judge stated informally and off the record that plain-

tiff was bound to pay the tax when the judgment was satisfied. The larger part of this judgment still remains unpaid. Plaintiff subsequently brought another suit in the common pleas court to recover further payments in default, recovering a second judgment for $382. This judgment also remains unpaid. The pleadings in the second case in the common pleas court show that there was no claim of set-off or recoupment. These proceedings were followed by the present action, here appealed from, in which plaintiff secured a judgment of restitution. In finding the amount of $375 due on the last action, the circuit judge did not include the amount of the unpaid judgments rendered by the common pleas court.

In defense of the plaintiff's summary proceeding to recover possession of the property, defendant claimed, both before the circuit court commissioner and on appeal before the circuit court, that she was not bound to make any further payments on the contract while plaintiff was herself in default in payment of the paving tax and the mortgage placed on the premises. It appears that plaintiff has paid interest on the mortgage up to September 1, 1931, subsequent to the time when defendant ceased making payments on the contract. There now remains an unpaid balance of $4,375 on the mortgage. There is no showing that foreclosure proceedings have been begun or even threatened.

No question is raised as to the sufficiency of the notice of forfeiture. Defendant seeks to defend on equitable grounds, but she did not attempt to rescind the contract, or seek the aid of a court of equity. An equitable defense of this nature, even if properly founded, may not be considered by a circuit court commissioner where the plaintiff has pro-

ceeded in accordance with the terms of her contract and there is no claim that she has parted with title to either the property or the contract. The defenses before a circuit court commissioner in a suit for restitution following forfeiture are few and narrow. *Puziol* v. *Kastle,* 231 Mich. 100; *German Bundesheim Society* v. *Schmidt,* 242 Mich. 139; *Rosenthal* v. *American Construction & Realty Co.,* 262 Mich. 91.

The judgment of the trial court is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.