476 P.2d 177

Robert A. THOMPSON, Herbert Richey and
Marie Richey, his wife, Plaintiffs
and Respondents,

v.

Kyle H. BREWSTER and Monarch Loan
Company, Inc., a Utah corporation,
Defendants and Appellant.

No. 11905.

Supreme Court of Utah.

Oct. 23, 1970.

Horace J. Knowlton, Salt Lake City, for
defendants and appellant.

John A. Rokich, Magna, Glen E. Davies,
Salt Lake City, for plaintiffs and respon-
dents.

**94**

HENRIOD, Justice:

Appeal from a quiet title judgment. Affirmed, with no costs awarded.

Plaintiffs sold their inchoate interest in a motel to Brewster under a written uniform real estate contract. A five-day notice of default was served upon him, requiring payment of delinquencies or vacate the premises, which was ignored. Thereafter notice of termination for breach was served, which also was ignored. Plaintiffs took peaceable possession, and Brewster made no effort to reclaim the property during the next ensuing four months, when he filed for bankruptcy.

Brewster had made purported payments by checks, many of which bounced like popcorn at a carnival, causing breaches to eventuate almost monthly and with regularity. The record fails to reflect that defendant was in any sense lulled into a false sense of security justifying any reliance on a continuation of repeated defaults, and we believe and hold that Christy v. Guild, 101 Utah 313, 121 P.2d 401 (1942), relied on by appellant, is not controlling under the facts of the instant case.

The Referee in Bankruptcy correctly held that the transaction was secured and not subject to processing in the bankruptcy court, and hence not such as to justify any stay of execution in the state court.

Defendant says the trial court erred in not staying the litigation, which is an urgence without merit. He also urges error in allowing a forfeiture of the contract,— which the defendant, not the plaintiffs, broke, The record shows no unconscionability that would impel a Chancellor to prevent an inequitable forfeiture. It is further urged that Brewster, of all people, should have been awarded damages, presumably to immunize him, a defaulter, from the immortal maxim that "Equity will not pick up pins." We cannot subscribe to such contention.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ. concur.