**FASHIONS FOUR CORPORATION, a Utah corporation, and Elgin Williams, Plaintiffs and Respondents,**

v.

**FASHION PLACE ASSOCIATES, a limited partnership, and Bob Garwood, Defendants and Appellants.**

No. 18194.

Supreme Court of Utah.

April 18, 1984.

Raymond Scott Berry, Salt Lake City, for defendants and appellants.

E.H. Fankhauser, Salt Lake City, for plaintiffs and respondents.

HOWE, Justice:

This appeal involves the reassignment of a lease that had been entered into between plaintiff, Fashions Four Corporation (Fashions Four), as lessee, and defendant Fashion Place Associates (Fashion Place), as lessor.

Fashion Place was the lessor and Fashions Four was the lessee under a ten-year lease dated May 6, 1974, for premises at the Fashion Place Mall, commercially known as "Charlie's." Article 15 of the lease provided for the lessor's written consent to any assignment by the lessee. In September of 1978, Fashions Four assigned its lease to Norsal Development Corporation. Fashion Place consented. In November of 1979, ownership of Norsal was acquired by one Neil Davidson, who continued the operation of Charlie's without any objection by Fashion Place. By June of 1981, the business had failed, Davidson was delinquent in rent, the inventory of Charlie's had been attached, and a sheriff's sale was scheduled to satisfy creditors. Davidson negotiated with Fashions Four for the repossession of the premises and the reassignment of the lease to Fashions Four. Fashion Place changed the locks on June 19 and denied Fashions Four access to the premises on the ground that Fashion Place had not consented to the reassignment of the lease. Fashions Four obtained a temporary restraining order against Fashion Place, which put it back into possession pending the outcome of the trial. The trial court awarded Fashions Four damages and attorney fees and permanently enjoined Fashion Place from interfering with Fashions Four's possession of the premises under the terms of the lease.

Fashion Place appeals, contending that as a matter of law the reassignment of the lease from Davidson to Fashions Four was without force and effect because it had not given its consent under Article 15. Fashions Four also claims that this Court is without jurisdiction to hear this appeal inasmuch as Fashion Place failed to file its appeal within ten days from the date of entry of judgment for forcible entry and detainer as required by U.C.A., 1953, § 78–36–11. We first address this threshold issue.

Fashions Four's verified complaint contained four causes of action, asking for treble damages for forcible entry and detainer under the first two causes of action, a temporary restraining order and temporary injunction under the third, and damages for breach of the lease under the fourth. Fashion Place filed its counterclaim, likewise containing four causes of action, asserting wrongful reoccupation by Fashions Four, asking for declaratory relief in striking the temporary restraining order, as well as for an expedited trial setting. The remedy for forcible entry and detainer is treble damages and restitution of premises. U.C.A., 1953, § 78–36–10. Conversely, judgment was entered in favor of Fashions Four for general damages only, a permanent injunction and a dismissal with prejudice of Fashion Place's counterclaim. Consequently, we are compelled to conclude that the hybrid nature of plaintiff's action, containing additional declaratory and equitable causes, and of the defendant's counterclaim with similar causes, prevents § 78–36–11 from controlling the time for appeal. *Belnap v. Fox, et al.*, 69 Utah 15, 251 P. 1073 (1927); *Dunbar, et al. v. Hanson, et al.*, 68 Utah 398, 250 P. 982 (1926); *Oppenheimer, et al. v. Mountain States Supply Co.*, 56 Utah 190, 188 P. 1117 (1920). Instead, the appeal is gov-

832

erned by Utah R.Civ.P. 73(a) and was therefore perfected in timely fashion. We proceed to the merits of the case.

The central issue to be decided here is whether the lessor's consent in writing is necessary before an assignee may assign a lease back to the original lessee for the unexpired term of the lease. This is a case of first impression in our forum.

Article 15 of the lease agreement provides in pertinent part as follows:

The tenant shall not transfer, assign, sublet ... this Lease or the tenant's interest in and to the premises without first procuring the written consent of the landlord. Any attempted transfer, assignment, subletting ... without the landlord's written consent shall be void and confer no rights upon any *third person*. [Emphasis ours.]

Article 35 G. provides in pertinent part:

Landlord's consent to, or approval of, any act by tenant requiring landlord's consent or approval shall not be deemed to waive or render unnecessary landlord's consent to or approval of any subsequent similar act by tenant.

Fashion Place contends that, construing these articles in harmony, its consent to the earlier assignment did not operate to waive a subsequent required consent. Fashion Place buttresses this argument by invoking public policy considerations and pointing to the intent of the parties under contractual provisions. Specifically, Fashion Place argues that the consent to assignment provision is designed to serve two purposes, one, to reject contractually the common law rule that leaseholds are freely assignable; and two, and more importantly, to insure that the lessor has a responsible tenant to look to for performance of the lease. From that thesis Fashion Place then derives its conclusion that once the original lessee assigns its lease to an assignee, the lessor must have the opportunity to pass on the qualifications of all potential tenants, including those of the original tenant under the unexpired lease. We disagree.

The language of Article 15 clearly states the parties' objectives in requiring the lessor's consent to assignment. Unless that consent is given, no rights are conferred upon *third persons*. We agree with Fashion Place that the assignment or transfer of a lease interest by a tenant is of critical importance to a lessor of an enclosed shopping mall and that its consent gives it the requisite control to create the optimum commercial environment for all mall tenants. However, once certain rights have been conferred upon the lessee, those rights may not be vitiated absent a breach of covenant by the lessee. Only the rights of assignees of the lessee may be defeated by an assignment without consent. The purport of the contractual language is clear: It expressly excepts from the consent to assignment an assignment back to the original lessee who does not qualify as a third person under the terms of the lease in which he is a contracting party. Upon assignment, privity of estate terminates between lessor and lessee and arises between lessor and assignee. However, privity of contract between the lessor and the lessee continues until the expiration of the lease. *Broida v. Hayashi*, 51 Hawaii 493, 464 P.2d 285 (1970). It follows that an assignment back to the original lessee is excepted from the rule that an assignment without consent of lessor confers no rights upon the assignee. Absent a release by the lessor, the original lessee remains liable for the performance by its assignee of the covenant to pay rent. *Kintner v. Harr*, 146 Mont. 461, 408 P.2d 487 (1965). Where that burden persists, the concomitant benefit should likewise obtain, allowing the lessee to step into the shoes of the assignee whose performance has been placed in jeopardy. The rationale for the exception has been stated as follows:

The covenant by the lessee, that he or others having his estate in the premises will not assign this lease without the written consent of the lessor, does not by its true construction extend so far as to prohibit a reassignment to the lessee himself without a new and special consent of the lessor. By the lease itself,

the lessor consents to take the lessee as his tenant for the full term mentioned in the lease. This consent is available for any reassignment to the original lessee during the term. There is therefore no breach of the covenant. The statement that the reassignment has never been consented to, means only that no special consent has been given, and this is unnecessary.

G. Thompson, Thompson on Real Property (1981 Replacement) Volume 3A § 1213, citing *McCormick v. Stowell*, 138 Massachusetts 431, 433–34 (1885); see also *Coulos v. Desimone*, 34 Wash.2d 87, 208 P.2d 105 (1949).

■ We hold that the assignment by Davidson back to Fashions Four as the original lessee under the unexpired lease was not contingent upon the consent of Fashion Place and that the trial court properly reinstated Fashions Four in the leasehold premises. The judgment below is affirmed with costs awarded to Fashions Four.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.