2005 UT App 304

**GORDON CASE & COMPANY, a Utah business entity, Plaintiff and Appellant,**

v.

**Arnold WEST, an individual; and Mary Helen West, an individual, Defendants and Appellees.**

**No. 20040135–CA.**

Court of Appeals of Utah.

June 30, 2005.

Daniel Garriott and Denver C. Snuffer Jr., Nelson Snuffer Dahle & Poulsen, Sandy, for Appellant.

James Tucker Hansen, Hansen & Wright, Orem, for Appellees.

Before Judges BENCH, GREENWOOD, and THORNE.

## MEMORANDUM DECISION

GREENWOOD, Judge:

¶ 1 Plaintiff Gordon Case & Company appeals from the trial court's denial of its objection (the Objection) to the trial court's findings of fact and conclusions of law and the order granting Defendants' motion to dismiss Plaintiff's unlawful detainer action. Howev-

er, we are unable to review the merits of Plaintiff's appeal because it is untimely under rule 4(a) of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 4(a); *see also* Utah Code Ann. § 78–36–11 (2002) (pertaining to appeals in actions for unlawful detainer); *accord Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616 ("If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal.").

¶ 2 A brief review of the procedural history relevant to this appeal is helpful to a clear understanding of our decision:

¶ 3 On March 12, 2003, Plaintiff initiated eviction proceedings against Defendants for unlawful detainer of certain real property. Defendants filed a motion to dismiss on the grounds that they were, at all relevant times, the owners of the property. The trial court, following a hearing, granted the motion to dismiss, and instructed Defendants to "prepare an order dismissing the complaint in accordance with the arguments raised in [their] motion."

¶ 4 Defendants submitted a proposed order, findings of fact and conclusions of law, and an attorney fee affidavit to both Plaintiff and the trial court. The trial court signed and entered the order, the findings and conclusions, and awarded attorney fees to Defendants on November 7, 2003.

¶ 5 Plaintiff filed the Objection to the proposed findings of fact and conclusions of law and award of attorney fees on November 11, 2003, arguing that the trial court's conclusions that Plaintiff's unlawful detainer action was commenced "fraudulently" and in "bad faith" and the award of attorney fees were improper because these matters were not addressed in either the argument section of Defendants' motion to dismiss or during the June 13, 2003 hearing on the motion.

¶ 6 After a hearing on Plaintiff's Objection, the trial court rejected Plaintiff's request to modify the conclusions and order, stating from the bench that "the Court's already signed the order granting the defendant[s'] motion to dismiss ... [and t]he Court doesn't see any reason to change that." A judgment consistent with the trial court's rulings was signed and entered on January 9, 2004.

Plaintiff filed its notice of appeal February 9, 2004, appealing "the decision[s] of the Fourth District Court ... entered on November [7], 2003, and January 9, 2004."

 ¶ 7 Defendants assert that Plaintiff's appeal is untimely because it is an appeal from an unlawful detainer action, and appeals from such actions must be filed within ten days from the date of entry of the judgment or order appealed from. *See* Utah R.App. P. 4(a); Utah Code Ann. § 78–36–11(1). Accordingly, Defendants argue that the appeal is untimely because while the order dismissing the action was entered on November 7, 2003, and the order denying the Objection was entered on January 9, 2004, the notice of appeal was not filed until February 9, 2004— more than ten days after either order. Plaintiff, for its part, argues that its appeal is timely because it had thirty days to file its appeal, as it is not appealing the trial court's dismissal of its unlawful detainer action, but only the trial court's ruling on the Objection—a post-—judgment motion. We agree with Defendants.

¶ 8 Rule 4(a) of the Utah Rules of Appellate Procedure provides:

> In a case in which an appeal is permitted as a matter of right from the trial court to the appellate court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. *However, when a judgment or order is entered in a statutory forcible entry or unlawful detainer action, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 10 days after the date of entry of the judgment or order appealed from.*

Utah R.App. P. 4(a) (emphasis added). In addition, Utah Code section 78–36–11 provides that in a forcible entry or unlawful detainer action, "either party may, within ten

days, appeal from the judgment rendered." Utah Code Ann. § 78–36–11(1).

 ¶ 9 As an initial matter, and contrary to Defendants' claims, the date for appealing the November 7, 2003 order was tolled until January 9, 2004, because the Objection, filed and served on opposing counsel on November 11, 2003, qualifies as a post-judgment motion under rule 4(b) of the Utah Rules of Appellate Procedure, which "suspends the appeal period until entry of the order denying it." *Rosas v. Eyre*, 2003 UT App 414,-¶ 13, 82 P.3d 185 (quotations and citations omitted); *see also* Utah R.App. P. 4(b) ("If a timely motion under the Utah Rules of Civil Procedure is filed in the trial court by any party ... under Rule 52(b) to amend or make additional findings of fact ... [or] under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.").[1] Accordingly, the period for appealing the trial court's orders did not begin to run until January 9, 2004.

¶ 10 However, this does not change the fact that under rule 4(a) and Utah Code section 78–36–11(1), Plaintiff was required to appeal the trial court's ruling on the Objection, which stemmed from its action for unlawful detainer, within ten days from the date of entry of that ruling. *See* Utah R.App. P. 4(a); Utah Code Ann. § 78–36–11(1). "We construe our rules of civil procedure according to their plain language." *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19,¶ 17 n. 3, 110 P.3d 678; *see also Cedar Surgery Ctr., L.L.C. v. Bonelli*, 2004 UT 58,¶ 21, 96 P.3d 911 (applying the plain language principle to the Utah Rules of Appellate Procedure); *In re Kunz*, 2004 UT 71,¶ 8, 99 P.3d 793 (applying same principle to statutes).

---

1. Although Plaintiff did not clarify which of the rules of civil procedure it filed the Objection under, because Plaintiff filed and served it on November 11, 2003—within ten days of the entry of the judgment in the unlawful detainer action— it is properly considered a post-judgment motion, tolling the time for appeal until it was denied on January 9, 2004. *See Reeves v. Steinfeldt*, 915 P.2d 1073, 1076 (Utah Ct.App.1996) ("[R]egardless of its caption, 'a motion filed within ten days of the entry of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e).' " (citation omitted)).

¶ 11 Under rule 4(a), the trial court's November 7, 2003 order started the time period running. *See* Utah R.App. P. 4(a). Although Plaintiff was able to toll the time period under rule 4(b) by filing a post-judgment motion, *see* Utah R.App. P. 4(b), there is no indication in the plain language of rule 4 or section 78–36–11(1) that an appeal following such a motion changes the substantive nature of the underlying case or otherwise allows Plaintiff thirty days for appeal rather than ten. In other words, a fair reading of both rule 4 and section 78–36–11 is that all matters stemming from an unlawful detainer action, including alleged procedural irregularities committed during the action, are subject to the ten-day period.[2] Especially here, where Plaintiff seeks to substantially alter the substance of the trial court's judgment in the unlawful detainer action by eliminating the attorney fees awarded to Defendants.

¶ 12 Moreover, although Plaintiff ostensibly appeals the trial court's ruling on the Objection, Plaintiff does not argue on appeal that there were any improprieties in the trial court's ruling on the Objection. Instead, Plaintiff argues only that the judgment entered in the unlawful detainer action was improper because of procedural irregularities therein. Thus, the actual judgment Plaintiff appeals is that entered in the unlawful detainer action and the trial court's ratification of that judgment in its ruling on the Objection. Under both rule 4(a) and section 78–36–11(1), such an appeal needs to be filed within ten days. *See* Utah R.App. P. 4(a); Utah Code Ann. § 78–36–11(1). Accordingly, under the plain language of rule 4 and section 78–36–11(1), Plaintiff's appeal is untimely as it was filed more than ten days after the entry of the order denying the Objection.

¶ 13 Case law on this issue is virtually nonexistent. In support of its position that its appeal is timely, Plaintiff excises a lone sentence from an unpublished memorandum decision from this court providing that "[r]ule 4(b) of the Utah Rules of Appellate Procedure requires a notice of appeal to be filed

within thirty days after entry of an order disposing of one of the enumerated post-trial motions." *Hawkins v. Callahan,* 2001 UT App 343, ¶ 2 (mem.). Although this case arose in the context of unlawful detainer, *see id.* at ¶ 1, we did not cite authority for or offer explanation to support this statement regarding rule 4(b). Additionally, *Hawkins* does not address the applicability of rule 4(a) or section 78–36–11(1). Furthermore, contrary to what *Hawkins* suggests, rule 4(b) does not prescribe any time limit for filing an appeal following a post-judgment motion, but merely provides that "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Utah R.App. P. 4(b). To determine the length of the time period for filing a notice of appeal, including an appeal following a post-judgment motion, the reader must go to rule 4(a), which provides that "the notice of appeal required by Rule 3 shall be filed ... within 30 days after the date of entry of the judgment or order appealed from," or "when a judgment or order is entered in a[n] ... unlawful detainer action, the notice of appeal required by Rule 3 shall be filed ... within 10 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). Therefore, we find Plaintiff's reliance on a single unsupported statement from *Hawkins* to be unpersuasive to undermine our conclusion from the plain language of rule 4(a) and Utah Code section 78–36–11 that its appeal is untimely.

¶ 14 In sum, Plaintiff's appeal is untimely as it arose from its action for unlawful detainer and was not filed within ten days "after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). " 'It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal.' " *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 571 (Utah Ct.App.1989) (quoting *Prowswood, Inc. v. Mt. Fuel Supply*

---

**2.** The only exception appears to be where a party pleads multiple causes of action, only one of which is for forcible entry and detainer. *See Fashions Four Corp. v. Fashion Place Assocs.,* 681 P.2d 830, 831 (Utah 1984) (concluding "that

the hybrid nature of [the] plaintiff's action, containing additional declaratory and equitable causes ... prevents [section] 78–36–11 from controlling the time for appeal."). However, that is not the situation here.

*Co.,* 676 P.2d 952, 955 (Utah 1984)). This appeal is, therefore, dismissed for lack of jurisdiction.[3]

¶ 15 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

**3.** Defendants request attorney fees and costs on appeal. However, because we dismiss this case for lack of jurisdiction we are unable to entertain this request. "When a matter is outside a court's jurisdiction it retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).