## WELLING v. ABBOTT.

### No. 3173.   Decided May 2, 1918.   (173 Pac. 245.)

1. FORCIBLE ENTRY AND DETAINER—EVIDENCE—SUFFICIENCY. In an action for the possession and damages for the unlawful detention of farm lands, evidence *held* to show that plaintiff's possession was a mere scrambling one, wholly insufficient under Comp. Laws 1907, sections 3573, 3574, defining forcible entry and forcible detainer, and section 3582, as to proof required of plaintiff.[1] (Page 244.)

2. FORCIBLE ENTRY AND DETAINER—JUDGMENT. In action for possession and damages for unlawful detention of certain farm lands, the court erred in rendering decree in defendant's favor quieting title; the question of title not ordinarily being involved or to be determined in such action. (Page 245.)

Appeal from the District Court of Box Elder County, First District; *Hon. J. D. Call*, Judge.

Action by F. D. Welling against George Abbott.

Judgment for defendant. Plaintiff appeals.

---

[1] *Brooks* v. *Warren*, 5 Utah, 118, 13 Pac. 175.

JUDGMENT and decree reversed, vacated, and set aside in part, and affirmed in part.

*R. H. Jones* for appellant.

*B. C. Call, R. L. Judd* and *Bagley & Ashton* for respondent.

CORFMAN, J.

Plaintiff brought this action for the possession and damages for the unlawful detention of certain farm lands situate in Box Elder County, Utah. The complaint in substance alleges that for five years last past the plaintiff has been in the peaceable and actual possession of certain described lands; that during the latter part of May and early part of June, 1917, while the plaintiff was in said possession, the defendant by stealth in plaintiff's absence, and also by threats and menacing conduct entered thereon and in a forcible manner ejected the plaintiff therefrom, contrary to the provisions of the Utah statutes, and to the damage of the plaintiff in the sum of $2,000; that plaintiff gave defendant written notice for more than three days prior to the commencement of this action to quit and surrender the possession of said premises to the plaintiff. Plaintiff prays for a restitution of the premises, and damages for the forcible entry on and detainer of the premises in the sum of $2,000, and that such damages be trebled as provided by law. The answer of the defendant admits plaintiff's possession of the premises until November 1, 1916, but alleges plaintiff's possession was wrongful and that of a trespasser; denies generally the other allegations of the complaint; and affirmatively alleges that the defendant's possession and occupany of the premises is under a lawful lease from the duly appointed, qualified, and acting administrator of the estate of one Yaotes Owa, deceased, an Indian, who died some thirty years ago. By express waiver of a jury the trial was had to the court, who found the issues for the defendant. Motion for new trial was denied. Plaintiff appeals.

The testimony shows that legal title to the premises is in the estate of Yaotes Owa, an Indian woman who died intestate

many years ago. The estate of said deceased was not administered upon until May 9, 1917, when, after due proceedings had before the district court of Box Elder County, sitting as a court of probate, letters of administration upon said estate were issued to W. F. Getz, who, after qualifying as an administrator, leased the premises on May 10, 1917, to the defendant, who has since occupied and possessed them under said lease. The plaintiff prior to 1917 had possessed and occupied the premises under a lease from A. J. Grover. The plaintiff's lease expired November 1, 1916. By what authority, if there was any, Grover leased the premises to the plaintiff the record is silent. When the defendant in the spring of 1917 went into possession under a lease from the administrator the premises were inclosed by a fence, a portion of which had been constructed by plaintiff, and the plaintiff had not removed therefrom all of the 1916 stack hay crop. The plaintiff had also made some repairs to the fences in the spring of 1917.

Plaintiff testified that on the 8th day of June, 1917, he noticed horses and cattle that did not belong to him grazing on the lands; that he turned them out, locked the gates, and posted notices upon or near the gates forbidding trespass on the premises; that the locks were removed and the notices destroyed the following day, and since then he has exercised no dominion over the premises. The plaintiff also testified:

"I made application to Mr. Getz (the administrator) to lease this property for 1917. I think I made the application early in April. * * * He said there had been some objection to his appointment and that the matter would come up in court a little later on, and that as yet he had not been appointed. * * * I renewed my application for the lease of the land on the 10th day of May, after he was appointed, * * * he told me he had already leased it, and I told him that was very peculiar, I thought he was going to give me an opportunity."

The defendant testified that the plaintiff on several occasions during the spring of 1917, after he had obtained a lease of the premises from the administrator, offered to purchase and take over the leasehold rights, but on these occasions he

refused to sell them to the plaintiff. The defendant also testified, as did other witnesses, that the defendant was upon the land in the spring of 1917, prior to and in anticipation of obtaining a lease from the administrator, doing farm work and pasturing stock thereon in plain view of the plaintiff. A number of the witnesses testified that on these occasions, while work was being performed and animals pastured by defendant on the premises, in the immediate presence of the plaintiff, they had engaged the plaintiff in conversation concerning the defendant's possession and use of the premises, and that the plaintiff spoke of the lands and the defendant having obtained the lease from the administrator and expressed his desire to purchase and acquire the defendant's rights under the same. The administrator of the estate of the deceased owner of the premises also testified that the plaintiff had made application to him to lease the premises for the season of 1917, but that the offers made by plaintiff were less than that of the defendant and therefore refused.

There is very little conflict in the testimony. The trial court made numerous findings from the evidence introduced at the trial, among them the findings ''that the said plaintiff at all times mentioned in said complaint was not in peaceful and actual possession'' of the premises. The court concluded ''that the defendant is entitled to a decree and judgment of this court, that the plaintiff take nothing by reason of said complaint filed herein;'' and ordered that judgment be entered accordingly.

The above-quoted findings of fact, conclusions of law, and judgment constitute the principal errors assigned and complained of by appellant on his appeal to this court. While the trial court made other findings of fact, and erroneously proceeded by judgment and decree to quiet title to the premises involved in the action, as between the plaintiff and the defendant, in view of the record here, we are of the opinion that the judgment in so far as it determines that the plaintiff take nothing by reason of his complaint, must be upheld.

The testimony is quite conclusive that after November, 1916, when the lease made by Grover to the plaintiff expired, plain-

tiff did not have any possession, nor did he assume to exercise any control or dominion over the premises until long after the defendant was in the actual and peaceable possession under the lease given him by the administrator of the estate of the deceased owner. Not only that, but the plaintiff recognized the authority and the right of the administrator to control the property and to proceed to lease the same for the highest price and to the best advantage possible, when he himself became a competitive bidder against the defendant for a leasehold interest. There is absolutely nothing in the record before us that tends to show that the actual possession by the defendant and his use of the premises were by stealth, or otherwise than open and peaceful, both before and after obtaining a lease from the administrator. Further, it appears the plaintiff at all times had knowledge of and acquiesced in the defendant's possession and use of the premises, with the one exception when he turned out the defendant's animals, locked the gates, and posted notices forbidding trespass. This assumption of right to control and possess the premises was made June 8, 1917, and the defendant had long before enjoyed, and thereafter continued to enjoy, peaceable possession without further interference or protest of the plaintiff until June 12, 1917, when plaintiff caused a notice to be served upon defendant through the sheriff of Box Elder County for the surrender of the premises, preliminary to the commencement of this action in the district court.

We think at best the possession of the premises by the plaintiff, after the year 1916 was, as shown by the testimony given at the trial, a mere scrambling one, wholly insufficient and lacking in every essential element upon which to predicate his action under our statutes. Sections 3573, 3574, Comp. Laws Utah 1907; 19 Cyc. p. 1115 (sub. 3); *Brooks* v. *Warren*, 5 Utah, 118, 13 Pac. 175. In order for the plaintiff to successfully maintain his action against the defendant it was incumbent upon him to show, as required by section 3582, Comp. Laws Utah 1907: (1) That there was a forcible entry or a forcible detainer by the defendant; (2) that the plaintiff was peaceably in the actual possession at the time of the

forcible entry or was entitled to the possession at the time of the forcible detainer. None of these elements were established by the testimony at the trial before the district court. It follows that the judgment of the district court, in effect dismissing the plaintiff's action, was a proper one.

The purpose of actions of forcible entry and detainer under statutes like ours is to afford the complaining party a remedy to have restored to him the possession of real property unlawfully entered upon and detained with force or strong hand, without resorting to physical force or breach of the peace. The question of title is not ordinarily involved nor to be determined. We think the trial court was in error in assuming to render judgment and decree in defendant's favor quieting the title to the premises involved in this action.

It is therefore ordered that that portion of the judgment and decree of the district court quieting the title to the premises involved in this action and awarding the defendant injunctive relief against the plaintiff be reversed, vacated, and set aside; and as to that portion ordering that the plaintiff take nothing by reason of his complaint herein, and awarding costs to defendant, the judgment of the district court is affirmed. Each party to pay his own costs of this appeal.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.