## WHITE et al. v. DISTRICT COURT OF FOURTH JUDICIAL DIST. IN AND FOR UTAH COUNTY et al.

No. 7702.   Decided June 19, 1951.   (232 P. 2d 785.)

See 57 C. J., Set-off and Counterclaim, sec. 27.  Property possession, set off in action for.  47 Am. Jur., Set Off and Counterclaim, sec. 22.

*Don Mack Dalton,* American Fork, *Elias Hansen,* Salt Lake City, for plaintiffs.

*Perris S. Jensen, Glen Y. Richards,* Salt Lake City, for defendants.

PER CURIAM.

Clyde C. Lewis and Verona D. Lewis commenced an action in the above named District Court, against Clara A. White and Kathryn Grange White for possession of certain real property. The Whites filed their answer and also a counterclaim. Upon proper motion, the court struck the counterclaim upon the ground that it could not be asserted in an action for unlawful detainer. Prior to the adoption of the New Rules of Civil Procedure, that was the law of this state, *Dunbar* v. *Hansen,* 68 Utah 398, 250 P. 982; *Forrester* v. *Cook,* 77 Utah 137, 292 P. 206; *Christy* v. *Guild,* 101 Utah 313, 121 P. 2d 401.

The Whites (defendants below) petitioned this court under Rule 65B(b) of the New Rules of Civil Procedure for an extraordinary writ to compel reinstatement of their counterclaim. The Lewises (defendants here) concede that Rule 13 of said New Rules does broaden the right to counterclaim but points out that table III, page 188 of the Rules expressly excepts Chapter 60, Title 104 of our Civil Code dealing with forcible entry and detainer and therefore argue that the New Rules have not changed the law as set forth in the above cases. Chapter 60 of Title 104 makes no reference to counterclaims; whether one may be asserted in an action is purely a procedural matter.

The counterclaim which the Whites allege with respect to misrepresentation and fraud concerning the contract of purchase of the property falls within the provisions of Rule 13 of the New Rules governing counterclaims.

The Lewises suggest that the remedy is to bring a separate action and to restrain the unlawful detainer action meanwhile, citing *Christy* v. *Guild,* supra. This would be inconsistent with the spirit and purpose of the New Rules of Civil Procedure which was to simplify and expedite procedure and to consolidate litigation wherever that could

be done without confusion or prejudice to the rights of litigants.

The District Court of Utah County is directed to reinstate the counterclaim. Plaintiffs are awarded costs against the individual defendants.