269 P.2d 865

**LEWIS et al.  v.  WHITE et al.**

No. 7807.

Supreme Court of Utah.

April 30, 1954.

Jensen & Richards, Romney & Boyer, Salt Lake City, for appellants.

Don Mack Dalton, American Fork, Elias Hansen, Salt Lake City, for respondents.

CROCKETT, Justice.

This action was commenced by plaintiffs to enforce forfeiture of a real estate contract and recover possession of a motel which they had sold to defendants. Defendants answered and counterclaimed for damages because of fraud and misrepresentations in the sale. The case was submitted to a jury on special interrogatories. They found in favor of defendants on their counterclaim in the sum of $28,700. After such verdict, defendants offered to vacate the premises and expressed a willingness to permit treble damages for holding over after notice to quit to be deducted from the amount of damages on the counterclaim. Pursuant thereto, after the deduction of this and other items, judgment was entered in favor of the defendants for the net sum of $23,642.64 on their counterclaim, but in favor of plaintiffs as to forfeiture of the contract and possession of the property. This appeal challenges the validity of such judgment.

The only error which we deem it essential to review is plaintiffs' charge that the trial court erred in failing to instruct the jury properly as to the elements necessary to establish fraud.

The basic facts are: that Clara A. White, a widow, and her daughter Kathryn, invested a home worth about $10,000 in this motel property by turning it over to plaintiffs as a down payment. They attempted unsuccessfully to operate the motel property, became delinquent in their payments, were

given notice of forfeiture under the provision of the contract, and notice to quit. The fraud on which they rely rests upon certain alleged false representations as to insulation, sewage disposal, and, most important, that the property produced an income of $1,000 per month whereas in fact the income was about $225 per month.

Plaintiffs contend that the barest modicum of prudence would have prompted sufficient inquiry to have uncovered this great disparity in income; to which defendants retort that one who has intentionally deceived another cannot be heard to say in defense of his fraud that the innocent party ought not to have trusted him or was guilty of negligence in doing so, which contention does find support in the law.[1] Defendants also assert that they are entirely without experience in business affairs, which was known to the plaintiff, and that the plaintiff Clyde C. Lewis, a real estate broker and operator, is quite otherwise. They aver that they placed implicit confidence in his integrity and relied upon his knowledge and experience in advising them as to the property and its potential.

It is of course true that it must be assumed that a seller will represent his property at least in its best light. A certain amount of sales talk or "puffing" must be taken into account and allowed for so long as it does not amount to active deception or concealment. On the other hand, the wide difference in experience and business acumen, and the degree to which Mrs. White placed confidence in Mr. Lewis and relied upon his representations are things which the jury could take into consideration on the question of fraud. The evidence being conflicting on these matters, the trial court correctly ruled that it was sufficient to warrant submission of the issue of fraud to the jury.

In submitting the question of fraud it was incumbent upon the trial court to instruct the jury as to the elements necessary to establish it.[2] Plaintiffs point out that he failed to do this in that he did not tell them that in order to establish their claim of fraud defendants must have *reasonably* relied upon the representations they claim the plaintiff made to them. This is invariably held to be an element necessary to make out a case of fraud.[3] No matter how naive or inexperienced the defendants were, they could not close their eyes and accept unquestioningly any representations made to them. It was their duty to make

1. 23 Am.Jur. 948.
2. See Jones v. Pingree, 73 Utah 190, 273 P. 303; Simko v. Miller, 133 Ohio St. 345, 13 N.E.2d 914.
3. Pace v. Parrish, Utah, 247 P.2d 273; Stuck v. Delta Land & Water Co., 63 Utah 495, 227 P. 791.

such investigation and inquiry as reasonable care under the circumstances would dictate; whether this required them to make further inquiry concerning the income, and if so, the extent thereof was for the jury to determine.

In their request No. 4, the plaintiffs asked the court to instruct the jury concerning this element. They also duly excepted to the court's refusal, "to instruct the jury that it must find that the defendants must reasonably have relied upon the misrepresentations of the plaintiff, if any." The matter was thus adequately called to the court's attention. Counsel for the defendants were also aware of both the request and the exception but assured the court concerning the instructions, saying "We think the instructions are very good and have no exceptions." Because of the failure to submit to the jury this question of fact essential to establish fraud, it is necessary to reverse the judgment and remand the case for a new trial. Such is the order. Costs to appellants.

McDONOUGH, C. J., and HENRIOD and WADE, JJ., concur.

WORTHEN, J., does not participate herein.