384 P.2d 802

Kay E. ELDER and Sheron Joyce Elder, his wife, Plaintiffs and Appellants,

v.

Wayne L. CLAWSON and Betty Jo M. Clawson, his wife, and Earl Glen Van Tassell, Defendants and Respondents.

Wayne L. CLAWSON, et ux., Third Party Plaintiffs and Appellants,

v.

TUTTLE REALTY COMPANY, Third Party Defendant and Respondent.

No. 9773.

Supreme Court of Utah.

Aug. 28, 1963.

Draper, Sandack & Draper, Salt Lake City, for appellant.

Clyde, Mecham & Pratt, William G. Gibbs, Salt Lake City, for respondent.

D. Eugene Livingston, William J. Cayias, Salt Lake City, for third-party defendant and respondent.

WADE, Justice.

Plaintiffs, the Elders, appeal from the trial court's refusal to rescind a contract with the defendants Clawson for the purchase of about 520 acres of land in Uintah County for $52,000. The Elders claim the right to rescind and recover $8,000 allowance on the purchase price for two houses and lots in Salt Lake County conveyed by the Elders to the Clawsons as the down payment on the purchase price, because of the fraudulent failure of the Clawsons and their real estate agent, defendant Van Tassell, to disclose to them the existence of and economic effect on the operation of the land purchased of a quarantine for a noxious weed, known as Russian knapweed, on the land.

The contract, dated August 25, 1961, was entered into after Van Tassell as the agent of the Tuttle Realty Company, acting for the Clawsons, showed the property to the Elders. The Clawsons were the equitable owners of the property sold subject to a lease which did not expire until April 1,

1962. The Elders took immediate possession of the home under the contract, but were not entitled to possession of the rest of the property until the lease expired. Before that time they had vacated the home and rescinded the contract and never had possession of the rest of the property.

For a reversal the Elders rely on the court's findings of fact which are generally in their favor. They argue that the findings of fact which are against them are merely erroneous conclusions of law and either do not support the judgment against them, or are not supported by the evidence. Following is a brief summary of the material findings of fact.

1) in 1954 the Agriculture Department quarantined this farm and at the time of the sale the defendants knew of the quarantine. 2) Van Tassell had great knowledge of Uintah Basin farms and of this farm, and the Elders had no knowledge or experience with such farms. 3) Before the sale, Van Tassell showed this farm to the Elders, pointing out the noxious weed, advised them that the weed ought to be sprayed, thereby indicating it could be eradicated, and further stated that it should not be plowed—that cattle should be brought on the premises to feed, but at no time did he advise the Elders of the quarantine, and the defendants Van Tassell and Clawson permitted the plaintiffs Elder to enter into the contract of purchase knowing that the plaintiffs were without knowledge of the quarantine or the effect of the quarantine on the economic operation of the property. 4) The existence of the weed and the quarantine materially affected the economic use of the farm. 5) The Elders made no independent investigation of the weed problem prior to the purchase and "did not rely on the nondisclosure" in purchasing the farm. 6) Prior to September 8, 1961, plaintiffs, the Elders, obtained full knowledge of the weed and quarantine and on that date indicated to the Clawsons their intention to perform the contract. 7) On December 4, 1961, the Elders advised the Clawsons in writing of their intention to rescind the contract, and prior to that date the Clawsons sold and assigned their interest in the contract and one of the houses received in exchange from the Elders. 8) These sales were material changes in the Clawsons' position, and the Elders unreasonably delayed manifesting to the Clawsons their right to rescind.

In accordance with the court's findings of fact, the evidence shows without question that the existence of the quarantine very materially affected the economic operation of the farm. Under the quarantine the operator could not produce feed for sale, but such feed would have to be consumed by livestock on the farm. If there had been no quarantine, the farm could have produced feed for livestock for sale and consumption elsewhere. To obtain livestock

for the consumption of the feed which the farm produced would require large sums of money, which the defendants knew was not available to the Elders, and that this would preclude them from a successful operation of the farm.

The court's findings of fact clearly indicate that the defendants Van Tassell and Clawson, although they mentioned the weed, fraudulently and intentionally withheld from the Elders the existence of the quarantine on the property and the economic effect thereof on the operation of the farm, all of which were well known to them and where unknown to the plaintiffs, the Elders. It is clear beyond doubt that this information was withheld for the purpose of inducing the sale and had that effect. Certainly no one would enter into such a contract with this information under the facts and circumstances here disclosed. If there were a finding to the contrary, which there was not, it would be against all of the evidence.

The findings against the Elders do not justify the court's refusal to rescind the contract and award them recovery of their loss. There was no occasion for them to make an independent investigation of a quarantine of which they knew nothing. They were merely told of a ragweed with the suggestion it would be eliminated by spraying, with no mention of a quarantine or the effects thereof, and, of course, the plaintiffs did not rely on the failure to disclose the quarantine and effects thereof, which they had no intimation existed. The fact that the Elders indicated an intention to try to make good on the contract immediately after learning the facts, under these circumstances, does not preclude them from changing their minds and rescinding the contract shortly thereafter. Nor does the fact that the Clawsons sold their contract and one of the houses which they received thereon prevent a rescission and recovery. Here they notified the defendants of the rescission before they were entitled to or took possession of the farm, and in less than three months after learning the facts. This was obviously not a waiver of their right to rescind. So we conclude that here there was a suppression of the truth, which the party with superior knowledge had a duty to disclose, which amounted to fraud.

"One of the fundamental tenets of the Anglo-American law of fraud is that fraud may be committed by the suppression of the truth * * * as well as the suggestion of falsehood * * * *."[1]

"Silence, in order to be an actionable fraud, must relate to a material matter known to the party and which it is his legal duty to communicate to the other contracting party, whether the duty

1. Quotation from 23 Am.Jur. 850, Fraud and Deceit, IV Concealment, Sec. 86.

arises from a relation of trust, from confidence, *inequality of condition and knowledge, or other* attendant circumstances * * *." [2]  (Emphasis added.)

"The principle is basic in the law of fraud as it relates to nondisclosure that a charge of fraud is maintainable where a party who knows material facts is under a duty, under the circumstances, to speak and disclose his information, but remains silent * *." [3]

"Although the pertinent inquiry in any case where fraud on the basis of nondisclosure is asserted is whether, upon any particular occasion, it was the duty of the person to speak on pain of being guilty of a fraud by reason of his silence, except in broad terms the law does not attempt to define the occasions when a duty to speak arises. On the contrary, there has been adopted, as a leading principle, the proposition that whether a duty to speak exists is determinable by reference to all the circumstances of the case and by comparing the facts not disclosed with the object and end in view by the contracting parties. The difficulty is not so much in stating the general principles of law, which are pretty well understood, as in applying the law to particular groups of facts * * *." [4]

"Knowledge that the other party to a contemplated transaction is acting under a mistaken belief as to certain facts is a factor in determining that a duty of disclosure is owing. There is much authority to the effect that if one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him to communicate to him the true state of facts to enable him to judge of the expediency of the bargain." [5]

From a careful study of the record and the findings of the trial court, we think it

---

2. Quotation from 23 Am.Jur. 853, Fraud and Deceit, IV Concealment, Sec. 77; Annotation 40 L.Ed. 545; Am.Law Inst. Restatement, Torts, Vol. 3, Sec. 551.

3. Quotation from 23 Am.Jur. 854, Fraud and Deceit, IV Concealment, Sec. 78; Annotation: 9 A.L.R. 1051; 10 A.L.R. 93; 26 A.L.R. 990; 33 A.L.R. 1066; 43 A.L.R. 1298; 56 A.L.R. 429; 84 A.L.R. 623; 87 A.L.R. 98.

4. Quotation from 23 Am.Jur. 856, Fraud and Deceit, IV Concealment, Sec. 78.

5. Quotation from 23 Am.Jur. 857, Fraud and Deceit, IV Concealment, Sec. 80; Cohen v. Vivian, 141 Colo. 443, 349 P.2d 366, 80 A.L.R.2d 1448; Cole v. Parker, 5 Utah 2d 263, 300 P.2d 623.

clear beyond any question that the defendants Clawson and Van Tassell fraudulently failed to disclose the material fact in this case that a quarantine on these premises existed and the economic effect thereof on the operation of the farm, and that the plaintiffs are entitled to recover the value of the property transferred to the defendants as the down payment on this contract.

Case is remanded for further proceedings in accordance with the views expressed in this opinion, and plaintiffs shall recover their costs.

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I concur in the decision allowing the plaintiffs to rescind their contract and to retrieve from defendants their investment in it. But for the purpose of emphasizing the aspects of the case, which seem to me significant, and which impel my concurrence, I desire to comment upon two matters: the unequal position of the parties and the active concealment of material facts.

The plaintiffs were people who were practically without farm experience or knowledge. Mr. Kay Elder had contacted the defendants' agent, (the co-defendant) Mr. Van Tassell, who was a licensed real estate broker, for the purpose of inquiring about the purchase of a farm. Plaintiffs had the right to assume that he had both the expertise and the integrity required to qualify him to serve in that capacity. By reason of this they could repose some confidence in his knowledge and in his honesty.[1] The defendants Clawson, who had engaged Van Tassell as their agent, were also aware of this situation. We have heretofore recognized that where there is a wide difference in experience and business acumen resulting in the parties being in an unequal position for bargaining, this is a factor to be considered in the determining of the issues in dispute.[2]

Although it is true that Mr. Van Tassell indicated to plaintiffs the existence of a type of weeds on the farm, it is important to note the circumstances. He pointed the weeds out to Mr. Elder and asked him if he knew what they were, to which the latter replied: "Yes, that is ragweed * * *?"

Van Tassell replied, "That is all it is. It is just starting. Get yourself a spray can and spray it and you'll be done with it."

In this manner, and by assuring plaintiff that it was only the common ragweed, Mr. Van Tassell led plaintiff to believe that it was innocuous and easily dealt with. Thus,

1. See statement in Reese v. Harper, 8 Utah 2d 119, 339 P.2d 410.

2. Ibid; also Lewis v. White, 2 Utah 2d 101, 269 P.2d 865.

he not only did not tell Elder the truth about what the weed was, but deliberately created a false impression, in addition to remaining silent about the important matter of the quarantine.