112 N.J. Super. 445 (1970)
271 A.2d 615
IRENE ENGLER, FRANK GOMEZ AND IDA GOMEZ, HENRY KOE, JAMES PETRUCELL, THOMAS STEGER AND LINDA STEGER, RAYMOND FORSE AND PATRICIA FORSE, RICHARD GARDNER AND LAWRENCE RISSEN, PLAINTIFFS,
v.
CAPITAL MANAGEMENT CORPORATION, A NEW JERSEY CORPORATION, AND PAUL GOLDMAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 30, 1970.
*446 Mr. Harold Sherman for plaintiffs (Messrs. Mandel, Wysoker, Sherman, Glassner, Weingartner & Feingold, attorneys).
Mr. William B. Kaufman for defendants (Messrs. Kaufman & Kaufman, attorneys).
FURMAN, J.S.C.
Defendants seek judgment on a counterclaim for eviction. The complaint for an injunction restraining defendants from refusing to renew the six plaintiffs' leases at the expiration of their respective one- or two-year terms was dismissed voluntarily, without prejudice to plaintiffs' defense on the counterclaim.
In a brief trial counterclaimants' only witness acknowledged that notices to quit were served upon plaintiffs because they were officers or active members in a tenants association. The tenants association drew its membership from the tenants in counterclaimants' three large apartment complexes in Middlesex County. Its activities included publishing a newsletter, inspecting stairways, halls, basements and other common areas, and making requests and complaints to defendants and to municipal officials, e.g., with reference to dilatory snow removal.
*447 Counterclaimants' only witness also acknowledged that leases had been renewed as a matter of general policy, unless the tenant was chronically in arrears in his rent, had caused defacement of property, or had been the subject of recurrent complaints by other tenants. None of the six plaintiffs had been so charged.
During the pendency of this litigation the Legislature enacted Assembly Bill No. 1204 as chapter 210 of the Laws of 1970, effective September 30, 1970. That statute prohibits, among other things, a reprisal against a tenant for his membership in a tenants association and specifies that judgment is to be entered in his favor in any dispossess proceeding if he establishes that the notice to quit or the action to recover possession was a reprisal against him for such membership.
Plaintiffs urge the retroactive application of chapter 210 by this court. But a landlord's right of possession upon the expiration of a lease and the right of action to dispossess a tenant holding over without a lease are vested rights which cannot be annulled by subsequent legislation. To deprive counterclaimants by retroactively applied legislation of the right to dispossess would be a denial of due process of law in the substantive sense. LaParre v. Y.M.C.A. of the Oranges, 30 N.J. 225, 229 (1959); Shack v. Weissbard, 130 N.J.L. 472, 475 (Sup. Ct. 1943), aff'd 131 N.J.L. 314 (E. & A. 1944); Magierowski v. Buckley, 39 N.J. Super. 534, 557 (App. Div. 1956); cf. Howard Savings Institution v. Kielb, 38 N.J. 186, 194 (1962); State by Parsons v. Standard Oil Co., 5 N.J. 281, 293 (1950).
The issue before this court, therefore, is whether, irrespective of chapter 210, counterclaimants have an enforceable remedy against plaintiffs or whether equity should bar them, under the doctrine of unclean hands or otherwise, because counterclaimants' refusal to renew on the sole ground of tenants association activity shocks a court of conscience.
An earlier statute, chapter 215 of the Laws of 1967 (N.J.S.A. 2A:170-92.1), constituted as a disorderly person *448 offense any reprisal by a landlord against a tenant for reporting or complaining of a health code, building code or other state or municipal violation to a public agency. Upon a finding of a violation of that statute a dispossess action was dismissed in Alexander Hamilton S. & L. Ass'n of Paterson, New Jersey v. Whaley, 107 N.J. Super. 89 (Cty. D. Ct. 1969).
Absent any applicable legislation, a parallel result was reached in Edwards v. Habib, 130 U.S. App. D.C. 126, 397 F. 2d 687 (1968), and Hosey v. Club Van Cortlandt, 299 F. Supp. 501 (S.D.N.Y. 1969). The court in Hosey said:
"An eviction ordered by a state court in an action begun to retaliate against a tenant for exercising his rights of speech and assembly to remedy building and health code violations in his building would be a violation of the 14th amendment. [at 508].
The Supreme Court of this State recognized a current housing shortage in Marini v. Ireland, 56 N.J. 130, 146 (1970), which accorded to a tenant the right to offset the reasonable cost of repairs made by him against rent, as an alternative to moving out.
The tenant, dissatisfied with housing conditions, no longer may be said to have a viable alternative to move to comparable housing nearby. Difficulties and delays confront him. One resort open to him is to organize or participate in a tenants association formed to present proposals and grievances. The Legislature has now sanctioned such associations by safeguarding their members against retaliatory evictions.
The testimony is inconclusive as to whether the tenants association of which plaintiffs were members had brought complaints of violations of health or building codes or of other statutes, regulations or ordinances promulgated for their protection. Nevertheless, an essential purpose of any tenants association must be to safeguard its members by reporting and, if necessary, pressing complaints to remedy *449 housing conditions which imperil their health and safety. Such a purpose and the initiative to carry it out are constitutionally protected within freedom of speech and in furtherance of the legislative objectives of health codes, building codes and related legislation. See Edwards v. Habib, supra, 397 F.2d at 699.
By an extension of Edwards and Hosey, and in accordance with the expression of legislative policy in chapter 210 of the Laws of 1970, this court grants judgment for plaintiffs of no cause for action on the counterclaim.