**LINCOLN FINANCIAL CORPORATION, Plaintiff and Respondent,**

v.

**Dorothy S. FERRIER, Defendant and Appellant.**

**No. 14296.**

Supreme Court of Utah.

July 28, 1977.

---

Pete N. Vlahos, of Vlahos, Knowlton, Quinlan, Ogden, for appellant.

Richard W. Brann, Ogden, for respondent.

CROCKETT, Justice:

Plaintiff, Lincoln Financial Corp., sued to evict defendant, Dorothy S. Ferrier, for refusing to vacate an apartment in plaintiff's complex in Riverdale after she had been served with proper notice and was therefore in unlawful detainer. In her defense and as an asserted counterclaim the defendant alleged that the plaintiff's actions to terminate her tenancy and evict her were but an effort to suppress her attempts to obtain better conditions for herself and other tenants; and that he thus violated her right to freedom of speech and expression, wherefore he was not entitled to evict her; and she counterclaimed for the sum of $10,000 damages for what she refers to as a wrongful and "retaliatory eviction"; and for $100,000 punitive damages.

The trial court struck her so-called counterclaim and, it appearing without dispute that she had remained in the apartment for about two and one-half months after she had been given proper notice and was in unlawful detainer, gave judgment against her for treble the rental, amounting to $1,219.20, plus $500 attorney's fees and costs. Defendant appeals, challenging those rulings.

Defendant moved into plaintiff's apartment in December, 1974, under a month to month tenancy agreement. It provided that either party could terminate by giving the other fifteen days written notice. Defendant was served with timely notice on June 10th, 1975, which stated that her lease would be terminated on June 30. She refused to vacate the premises, and plaintiff filed a complaint alleging that she was in unlawful detainer of the apartment, and requested treble damages, as provided by Section 78–36–10, U.C.A.1953, and attorney's fees as provided for in the lease.

■ A principal aspect of this appeal is the defendant's contention the trial court improperly struck her asserted defense and counterclaim. We have no disagreement with the proposition that if the defendant had a proper counterclaim arising out of the same transaction or business as the subject matter of the complaint, it could be asserted herein to the end that all of whatever controversy exists between the parties may be settled as simply and expeditiously as possible by allowing all legitimate claims, defenses and counterclaims relating thereto in one action.[1] But we do not see that as supporting defendant's contentions herein.

In support of her asserted defense and counterclaim defendant alleges that the landlord (plaintiff's manager) accused her of agitating other tenants and causing him trouble; and that his attempt to evict her for that reason constituted a deprivation of her constitutional rights of thought and expression. Her counsel advances arguments and cites authorities to the effect that where a landlord brings an action for eviction which is shown to arise out of some unjustifiable consideration such as race, or religion, or other improper ground, that fact may be stated as a defense against what is referred to as "retaliatory eviction." We are aware of the fact that in some jurisdictions, where it is made to appear that the basis for the eviction violates a superseding constitutional right of the tenant, this concept of a defense against a thus wrongfully grounded "retaliatory eviction" has been taken cognizance of.[2] Without passing judgment on whatever merit or demerit that doctrine may have in other circumstances, we think it has no application to the facts alleged here.

We are also concerned with the constitutional rights of the landlord. Our Utah Constitution, Article I, Section 1 states: "All men have the inherent and inalienable right . . . to acquire, possess and protect *property* . . . ." The United States Constitution, Amendment V, provides that: "No person shall be . . . deprived of life, liberty, or *property*, without due process of law . . . ." And Amendment XIV, Section 1, expressly makes this applicable to the states wherein it provides, ". . . *nor shall any State* deprive any person of life, liberty, or property, without due process of law . . ." In any event the enjoyment of the right "to acquire, possess and protect property" is guaranteed. (All emphasis herein is ours.)

■ The question that must be confronted and answered is: If the landlord cannot

---

1. That is the purpose of Rule 13, U.R.C.P.; see also Rule 1. For a case so holding see *White, et al. v. District Court*, 120 Utah 173, 232 P.2d 785; and for a good example of the wisdom and justice thereof see that case on appeal from the final judgment, wherein defrauded purchasers of motel had recovered $23,000 on their counterclaim, *Lewis v. White*, 2 Utah 2d 101, 269 P.2d 865.

2. See Utah Law Review, Fall, 1973, Vol. 3, p. 503; *E & E Newman, Inc. v. Hallock*, 116 N.J. Super. 220, 281 A.2d 544; *Engler v. Capital Management Corp.*, 112 N.J.Super. 445, 271 A.2d 615; *Aweeka v. Bonds*, 20 Cal.App.3d 278, 97 Cal.Rptr. 650; *Aluli v. Trusdell, Hawaii*, 54 Haw. 417, 508 P.2d 1217; *S. P. Growers Ass'n v. Rodriguez*, 17 Cal.3d 719, 131 Cal. Rptr. 761, 552 P.2d 721 (1976).

enforce the terms of his lease and proceed under the express provisions of our statutory law to reclaim his property, what has happened to his property rights? He should be accorded the unimpaired enjoyment of all of the rights and privileges therein. If he is compelled to surrender his contractual and statutory rights by being required to furnish an apartment to someone other than he desires as a tenant, that is nothing other than a deprivation of his property. It would be anomalous indeed if a landlord could assert his property right and require any other tenant, however peaceable or desirable that tenant may be, to remove from his premises, but could not do so to one who was neither peaceable nor desirable.

■ Upon the basis of what has been said above it is our opinion that the trial court was correct in its analysis and its conclusion that the allegations of the defendant above discussed constituted neither a defense to the plaintiff's complaint for eviction nor a counterclaim related thereto which is cognizable under our law; and that they were thus properly stricken and disregarded.

■ Defendant was actually given twenty days notice prior to the end of the month of June and her tenancy was thus properly terminated and she was in unlawful detainer after that date. Inasmuch as it appeared without dispute that defendant persisted in remaining in possession of the apartment until September 10, 1975, the trial court assessed *damages* at the rate of $175 a month, which the parties had agreed upon as the rental value, and trebled the *damages* as permitted by Section 78–36–10, U.C.A.1953, and entered judgment accordingly.[3]

■ Concerning the award of attorney's fees, the situation is different. There are two difficulties with that award. The first is that the allegations of the plaintiff's complaint and the relief demanded clearly indicate that the plaintiff had *cancelled and terminated the contract* and based its cause of action on our unlawful detainer statutes Chapter 36, Title 78, U.C.A.1953. Therefore it was not then entitled to invoke the covenants of the contract to obtain an attorney's fee.[4] The second is that on the summary judgment there is no foundation in the evidence upon which to base a finding and award of attorney's fees.[5]

On the basis of what has been said herein, the award of attorney's fees is vacated, but in all other respects the judgment of the trial court is affirmed. The parties to bear their own costs.

HALL, J., concurs in the result.

MAUGHAN, Justice (concurring).

In concurring with Mr. Justice Crockett's opinion, I wish to observe that under the new Rules of Procedure, a counterclaim arising out of the same subject matter should be assertible in any action, including one in unlawful detainer. See *White v. District Court*, referred to in the main opinion. There is the additional reason, under the new rules, the trial court may make an adjudication of one aspect of a controversy, and defer trial of another, if the interests of justice so require.

WILKINS, J., concurs in the concurring opinion of MAUGHAN, J.

ELLETT, Chief Justice (concurring in the result and commenting).

I concur in the result of the opinion by Justice Crockett; however, in the fourth paragraph of his opinion he inserted a statement about filing a counterclaim in an action for unlawful detainer to which I cannot agree. In stating that it was proper

---

**3.** That section provides that ". . . the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or unlawful detainer, for the *rent* and for three times the amount of the *damages* thus assessed." For a lucid discussion pointing out that it is not the "rent" which is trebled, but the "damages" suffered by the landlord, see

*Forrester v. Cook*, 77 Utah 137, 292 P. 206. (Emphasis added).

**4.** Ibid; and see *Jacobson v. Swan*, 3 Utah 2d 59, 278 P.2d 294.

**5.** See *Butler v. Butler*, 23 Utah 2d 259, 461 P.2d 727 and cases therein cited.

to do so, he relied upon two cases [1] which I shall subsequently discuss.

The law of this state was correctly set forth in two Utah cases a number of years ago and neither has ever been overruled. The first case is *Dunbar v. Hansen* [2] where the defendant undertook to file a counterclaim in a statutory action of unlawful detainer. This Court said in holding that no counterclaim could be filed:

> . . . We are therefore of the opinion, and so hold, that the action of the district court in attempting to adjudicate whatever rights defendants may have, if any, against the plaintiffs, or either of them, by reason of the facts set forth in the counterclaim, was nugatory and of no avail; that the statute does not authorize any such defense or any affirmative relief against the plaintiffs in an unlawful detainer action. It was error on the part of the court to attempt to adjudicate the rights of the defendants against plaintiffs, if any they had, growing out of the facts alleged in the counterclaim in this action, and in overruling the objections of plaintiffs to entertaining any testimony in support of the allegations of the counterclaim.

In 1930 this Court decided the same question in the case of *Forrester v. Cook.* [3] There, it quoted from the *Dunbar* case and firmly set the law of this state, towit:

> 'It appears to be thoroughly established, both in this state and in other jurisdictions having substantially similar statutes to our unlawful detainer statutes, that neither a counterclaim nor cross-complaint of any kind is permissible in an action in unlawful detainer. This question was discussed by the District Court of Appeal of the First District, in the recent case of *Knight v. Black*, 19 Cal.App. 518, 126 P. 512, where many authorities are cited. There is no distinction in the authorities between cases where the subject-matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the action is brought, and other cases.'

The main opinion relies upon two cases to support the statement that "we have no disagreement with the proposition that if the defendant had a proper counterclaim arising out of the same transaction or business as the subject matter of the complaint it could be asserted herein . . . ." A discussion of those two cases follows.

*Lewis v. White* [4] was not a case of unlawful detainer at all, but was a suit in equity to enforce the forfeiture of a real estate contract; and there is no question about a counterclaim being properly permitted in such a case. The other case relied upon was a short per curiam [5] based upon the bare statement that the new rules of civil procedure and particularly Rule 13 thereof permits counterclaims. The rule is stated herewith:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . .

> (b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject-matter of the opposing party's claim.

> (c) Counterclaim Exceeding Opposing Claim. A counterclaim may or not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind

---

1. *White, et al. v. District Court*, 120 Utah 173, 232 P.2d 785 (1951); *Lewis v. White*, 2 Utah 2d 101, 269 P.2d 865 (1954).

2. 68 Utah 398, 250 P. 982 (1926).

3. 77 Utah 137, 292 P. 206 (1930).

4. Supra at footnote 1.

5. Id.

from that sought in the pleading of the opposing party.

The per curiam opinion consisting of one page plus five lines does not discuss the reasons why counterclaims cannot be permitted in an action for unlawful detainer.

The main purpose for having a statute providing for an action in unlawful detainer is to provide a speedy remedy for the settling of disputes to the right of possession of realty. It thus tends to avoid breaches of the peace and possible bloodshed. The statute provides for a means of speedy trials that cannot be had in other types of suits and actions. It provides that the time to answer a summons may be shortened to three days instead of the usual twenty.[6] It also provides that when the complaint is not served with the summons it must be filed within one day instead of the usual ten days. It further provides that an appeal must be taken from the judgment rendered within ten days[7] instead of the usual one month. Would it be contended that Rule 73 of the Rules of Civil Procedure would permit an appeal to be taken from a judgment in unlawful detainer within twenty days? If the rules are applicable to counterclaims, it would seem that they should also apply to appeals.

Consider the problems that a counterclaim would raise. The defendant must answer within three days but his counterclaim may raise many issues which will require discovery, depositions, and motions on those diverse issues. The simple issue of who is entitled to the peaceful possession of a house can thus be delayed. Even the title to the land is not involved in the unlawful detainer action.[8] It is not the purpose of the action to try title to the land.[9] The filing of a counterclaim in the unlawful detainer action is reminiscent of a foxhound who always chases rabbits during the hunt. You just don't permit it.

The statute requires that the appeal in the unlawful detainer action be filed within ten days. The appeal from the counterclaim could be filed within one month. Could the Court on appeal decide the issue of right to possession before it did the counterclaim? If so, why permit the counterclaim in the first place?

The counterclaim creates too many side problems and makes it difficult, if not impossible, to obtain a speedy determination of the right to possession of land. That speedy right is all that was contemplated by the statute. The case of *White v. District Court* should be overruled as not being in harmony with the provisions of the statute.

The Rules of Civil Procedure specifically provided in Table III that Title 104 (the then existing code of civil procedure) should have no further force and effect except as in Chapter 60 (the chapter in the code dealing with unlawful detainer).

When a statute is retained or adopted, the interpretation of its parts are adopted or retained along with the statute. The new rules of procedure affect only procedure and not substantive law. If the *White v. District Court* case is permitted to stand, the substantive law is seriously affected in that a speedy determination of the right to possession of realty is delayed, and that is contrary to the purpose of the statute.

I therefore, dissent from any idea that a counterclaim can be filed in an action of unlawful detainer. That which is said above is the strongest reason for not permitting consideration of defendant's counterclaim in this unlawful detainer action.

---

6. 78–36–8, U.C.A.1953.

7. 78–36–11, U.C.A.1953.

8. *Welling v. Abbott*, 52 Utah 240, 173 P. 245 (1918).

9. *Williams v. Nelson*, 65 Utah 304, 237 P. 217 (1925).