Dennis TAYLOR, dba Taylor's Husky Service, Plaintiff and Appellant,

v.

GASOR, INC., Gerald T. Nattress, Warren D. Hughes, Verne A. Madden, Lynn R. Cook, Delbert Taylor aka Del Taylor, Jerry Hawkes, Husky Oil Company of Delaware, Duane R. Graham and By-Rite Distributing, Inc., Defendants and Respondents.

No. 16361.

Supreme Court of Utah.

Feb. 14, 1980.

Richard Campbell, Ogden, for plaintiff and appellant.

Thomas A. Duffin, Ford G. Scalley, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff, Dennis Taylor, filed this action against seven defendants alleging fraudulent misrepresentations in connection with the commencement of a service station operation. Plaintiff also alleged conspiracy and price discrimination. Following a trial to the court, a judgment of no cause of action was entered for defendants Gasor, Inc., Delbert Taylor, and Jerry Hawkes. The action was dismissed as to the other defendants. Defendant Gasor, Inc., was granted a money judgment on its counterclaim for the price of petroleum products delivered to plaintiff. On appeal, plaintiff contends that the clear weight of evidence was contrary to the ruling of the trial court. We affirm.

Defendants Jerry Hawkes and Delbert Taylor organized Gasor, Inc., in April 1973. In that same month Delbert Taylor, as agent for Gasor, Inc., entered into a lease agreement with plaintiff for a service station in Ogden, Utah. Gasor had subleased the station from By-Rite Distributing, Inc., a petroleum distributor, which in turn leased from Husky Oil. Plaintiff commenced operating the service station according to an agreement made with Delbert Taylor. The agreement assured plaintiff a 3¢-per-gallon profit on all gasoline sold and provided for the extension of credit, $200 per month rental, the purchase of gasoline through By-Rite, and an initial trial period occupancy of the premises.

Plaintiff believed his gasoline purchases were made from Husky Oil. He did not know until several months after leasing the station that Delbert Taylor was a principal of Gasor and that Taylor was selling him gasoline at a price higher than Husky charged. Eventually plaintiff's purchase agreement with Taylor was cancelled, and plaintiff commenced purchasing his gasoline directly from Husky. Because of continuing financial problems, however, plaintiff closed his station in April 1975.

Plaintiff contends that he was injured by misrepresentations made by defendants in the form of the fraudulent concealment of Delbert Taylor's association in Gasor and Gasor's price and profit arrangements, termed by plaintiff "vital information." Plaintiff claims that he would not have entered into the unsuccessful business venture if he had known the true facts.

■ A finding of fraud must be based on the existence of all its essential elements, i. e., the making of a false representation concerning a presently existing material fact which the representor either knew to be false or made recklessly without sufficient knowledge, or the omission of a material fact when there is a duty to disclose, for the purpose of inducing action on the part of the other party, with actual, justifiable reliance resulting in damage to that party. *Elder v. Clawson*, 14 Utah 2d 379, 384 P.2d 802 (1963); *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952). As stated in *Lundstrom v. Radio Corporation of America*, 17 Utah 2d 114, 117–18, 405 P.2d 339, 341 (1965), "fraud is a wrong of such nature

that it must be shown by clear and convincing proof and will not lie in mere suspicion or innuendo."

The trial court found that Delbert Taylor did not make any fraudulent representations to plaintiff that in any way induced plaintiff to enter into the lease agreement and that, in any event, there was no proof of damages. The court also found no evidence of conspiracy or price discrimination. These findings are amply supported by the evidence. The defendants provided all the services agreed to by the parties. Neither Delbert Taylor's role as a principal of Gasor nor his failure to disclose that role to plaintiff was shown to have been the cause of injury to plaintiff.[1]

The findings and judgment of the trial court will not be disturbed where they are based on substantial, competent, admissible evidence, *Fisher v. Taylor*, Utah, 572 P.2d 393 (1977). Since plaintiff did not prove the necessary elements of fraud, the judgment in favor of defendants is affirmed. Costs to Defendants.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. Testimony indicated that most of the price difference complained of by plaintiff was due to the fact that jobbers could buy gasoline at a lower rate than single-station operators such as plaintiff.