**UTAH NATIONAL BANK OF PROVO, a banking corporation, Plaintiff and Respondent,**

v.

**Chester OLIVER and Mabel J. Oliver, Defendants and Appellants.**

No. 13216.

Supreme Court of Utah.

June 25, 1974.

Ronald R. Stanger, Provo, for defendants and appellants.

M. Dayle Jeffs of Jeffs & Jeffs, Provo, for plaintiff and respondent.

SAWAYA, District Judge:

Plaintiff recovered judgment against defendants upon a promissory note and for foreclosure of properties pledged and mortgaged to secure the note. The trial court as part of its findings of fact found that the loan evidenced by the note was induced by fraudulent representations of the defendant; that the representations were false; that the defendants knew them to be false and that they intended their statements would be accepted by the plaintiffs who were at the time ignorant of its falsity and relied upon it to their damage. The principal issue presented on this appeal is defendants' contention that the finding of fraud is not supported by the evidence.

Plaintiff had on several occasions loaned money to defendants who had an existing loan balance which became due. They requested plaintiff to renew it and subsequently to grant them a loan for the purpose of consolidating some of their debts. In connection with their application for the latter loan, defendants gave a current personal financial statement and the corporate financial statement of Intermountain Finance and Thrift Company whose stock constituted defendants' principal asset. Defendants were the president and secretary of that corporation and acted both as managers and essentially sole operators of its business affairs. Defendants represented to plaintiff that the financial statements accurately reflected their financial condition as of the time of the application. By a subsequent examination of the company's accounts receivable ledger cards, it was discovered that over $150,000.00 of accounts receivable needed to be written off. The examination showed that $100,000.00 in accounts upon which the company and the defendants had received notices of bankruptcy were carried on the books at the time of the financial statements as collectable accounts. The defendants, being essentially sole operators of Intermountain Finance and Thrift Company, had knowledge of the notices of bankruptcy and failed to disclose such knowledge, intending that plaintiff would rely on the statements as given and represented by them. Based upon these facts the trial court made a finding that the failure to disclose the true status of the accounts receivable

was fraud. Defendants claim that the evidence does not support such a finding.

This court has stated many times that the failure to disclose a known fact may constitute actionable fraud. In Elder v. Clawson, 14 Utah 2d 379, 384 P.2d 802 (1963) we pointed out that:

Fraud may be committed by suppression of the truth, as well as suggestion of a falsehood. Silence may become actionable fraud where it relates to a material matter known to the party and which it is his duty to communicate to the other contracting party as a result of a relation of trust or inequality of condition and knowledge.

In examining the sufficiency of the evidence to support the findings, some rules of construction have been consistently announced by this court. In Hardy v. Hendrickson, 27 Utah 2d 251, 495 P.2d 28 (1972) the court said:

On appeal the evidence is viewed in the light most favorable to sustain the lower court, and the findings will not be disturbed unless they are clearly against the weight of the evidence or it manifestly appears that the court misapplied the law to the established facts.

The principle was also announced in Ewell & Son, Inc. v. Salt Lake City Corporation, 27 Utah 2d 188, 493 P.2d 1283 (1972) where the court said:

. . . that we are obliged to survey the evidence, and all reasonable inferences that could fairly be drawn therefrom in the light favorable to the verdict and judgment.

In this matter the court found that the failure of the defendants to disclose the true financial position of the company was a material misrepresentation and was relied upon by the plaintiff as an inducement to grant defendants the loan. An examination and review of the record would indicate that there was substantial competent evidence supporting the finding of fraud reached by the court and this court will not disturb the finding of the lower court where there is such substantial competent evidence. It is this court's opinion that the other points raised by defendants and upon which the trial court made findings are also supported by the evidence as contained in the record.

The judgment of the trial court is affirmed with costs to the respondents.

CALLISTER, C. J., and ELLETT, J., concur.

HENRIOD, J., does not participate herein.

TUCKETT, J., having disqualified himself, does not participate herein.

CROCKETT, Justice: (concurring).

I concur, but I think it should be pointed out that the two cases cited do not stand for the same rule of review. Arising out of the provisions of our state constitution, and the undeviating decisions of this court, there is a distinction between the rules of review in law and equity. Our Utah Constitution, Article VIII, Section 9, provides:

. . . In equity cases the appeal may be on questions of both law and fact; in cases at law the appeal shall be on questions of law alone.

The case of Hardy v. Hendrickson cited in the main opinion states the rule of review in equity cases wherein this court is authorized to review the evidence, and to make its own findings. See Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504; Nokes v. Continental Mining & Milling Company, 6 Utah 2d 177, 308 P.2d 954; and see discussion by Justice Wolfe in Stanley v. Stanley, 97 Utah 520, 94 P.2d 465.

The other case cited, Ewell & Son, Inc. v. Salt Lake City Corp. stands for the rule of review in law cases. Therein the standard rule of review is as quoted, coupled with the further proposition: that if there is any substantial evidence to support the findings and judgment, they will be sustained.